UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number:  14-20966-CIV-MORENO

FLYLUX, LLC,

      Plaintiff,

vs.

AEROVIAS DE MEXICO, S.A. DE C.V.,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

A travel agency, FlyLux, LLC, is suing an airline, Aerovias de Mexico, S.A., De C.V., for cancelling approximately 33 flights for individual ticketholders.  The travel agency purchased replacement flights for those customers and is now seeking reimbursement from the Defendant, who received payment for the initial flights.  The Defendant Aerovias de Mexico claims to have refunded the money back to another travel agency in Venezuela that acted as an intermediary between FlyLux, LLC and Aerovias de Mexico.  Defendant is moving to dismiss arguing the Court lacks diversity jurisdiction. The Court agrees with Defendant that the Court must consider the nationalities of the individual ticketholders and finds the Plaintiff has improperly aggregated the claims to reach the jurisdictional amount.

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. No. 29)**, filed on **June 12, 2014**.

THE COURT has considered the motion, the response, oral argument, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

## I. Background

In December 2013, Plaintiff, FlyLux, LLC, a travel agent based in New York, secured several reservations for international first and business class flights from Defendant Aerovias de Mexico, S.A., de CV. Plaintiff received e-ticket receipts confirming the original reservations on December 17, 2013. A few days later, Plaintiff called to change the departure location for these reservations. Defendant issued new e-ticket receipts to the Plaintiff, in the names of its clients confirming the change. There were 33 separate reservations.

Plaintiff's complaint characterizes the terms of the reservations and the telephone conversations setting up and changing the reservations as the parties' agreement. Plaintiff claims Defendant agreed to provide Plaintiff's clients with commercial first-class and business-class carriage by air to several international destinations such as Dubai, France, Italy and Israel. In exchange, Plaintiff alleges it agreed to pay $238,423.79, in advance of the reservations. Plaintiff alleges that Defendant unilaterally cancelled the reservations without notice or reimbursement to Plaintiff. As a result, Defendant denied 21 of Plaintiff's customers the ability to board their flights. Plaintiff then purchased replacement flights for these customers. Additionally, Plaintiff claims that it learned of some future cancellations of its customers' reservations and it purchased replacement flights for those customers as well. Plaintiff attaches the 33 e-tickets to its Amended Complaint.

Defendant has moved to dismiss claiming Plaintiff cannot bring suit as an agent for 33 individuals, whom it claims are the real parties in interest. Defendant claims the joinder of the 33 individuals would destroy diversity jurisdiction and that it is improper to aggregate the claims. Plaintiff claims that choice of law dictates that Mexican law apply and that it is the proper party to

bring the claims under Mexican law.

## II. Legal Standard & Analysis

Federal courts have original subject matter jurisdiction over controversies between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).  Federal diversity jurisdiction does not encompass controversies between citizens of foreign states or resident aliens. *See Vantage Drilling Co. v. Su*, 741 F.3d 535, 538 (5th Cir. 2014) (finding diversity jurisdiction was lacking where plaintiff is incorporated in the Cayman Islands and defendant is a Taiwanese citizen); *see also Banci v. Wright*, 44 F. Supp. 2d 1272, 1275 (S.D. Fla. 1999) (finding no diversity jurisdiction existed where plaintiff was a citizen of Ecuador and a Florida resident and where defendant was a citizen of Ecuador and a California resident).

Plaintiff bears the burden of establishing diversity jurisdiction. *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002).  "It is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter." *JPMCC 2005-CIBC13 Collins Lodging, LLC v. Philips South Beach LLC*, No. 10-20636-CIV-ALTONAGA, 2010 WL 4317000, *1 (S.D. Fla. Oct. 22, 2010).

### *Citizenship of the Parties*

At issue in this case is whether there is diversity jurisdiction when a travel agency sues on behalf of its customers, whose joinder would destroy complete diversity. The Court must decide whether it must consider Plaintiff's citizenship or whether joinder of Plaintiff's clients is appropriate as the real parties in interest.  Federal Rule of Civil Procedure 17(a) requires all federal actions be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 17(a).  "The purpose of that rule is to enable the defendant to avail himself of evidence and defenses that the defendant has

against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party in interest on the same matter." *Tennyson v. ASCAP*, 477 Fed. App'x 608, 610 (11th Cir. 2012).

In *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995), the Second Circuit held that it would not find the citizenship of a corporation to control when the corporation was merely acting as an agent representing the interests of others. It stated that "[i]n such a case, the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute." In the context of airline tickets, a district court held that "[E]ach ticket represents an independent contract." *American Airlines, Inc. v. Austin*, 778 F. Supp. 72, 76 (D.D.C. 1991). Based on this precedent, it seems clear that FlyLux's citizenship does not control to determine diversity jurisdiction, but rather the Court must look to the citizenship of the 33 ticketholders.

The Court will nevertheless examine the Plaintiff's argument that Mexican law applies to determine the "real party in interest." Plaintiff cites to *Elandia Int'l, Inc. v. Koy*, Case No. 09-20588, 2010 WL 2179770, *4 (S.D. Fla. Feb. 22, 2010) and *VCA Cenvet, Inc. v. Village Veterinary Ctrs., Inc.*, Case No. 11-3119, 2012 WL 3779101, *4-5 (N.D. Ga. Aug. 31, 2012) to support its position that Mexican law applies to determine the real party in interest. In those cases, however, the courts were not examining the citizenship of the parties to verify diversity jurisdiction. Rather the courts were engaged in determining the plaintiffs' standing under Article III. Here, the Court is ascertaining whether there is diversity jurisdiction.

To reiterate, the question is whether the Court should consider FlyLux's citizenship, or that of its clients. Circuit Courts have held that "complete diversity of citizenship jurisdiction under 28

U.S.C. § 1332(a) is tested by the citizenship of the real parties to the controversy, and the *citizenship of an agent* who merely sues on behalf of the real parties must be ignored." *Assoc. Ins. Mgm't Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794, 796 (8th Cir. 1998) (emphasis added) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)); *Airlines Reporting Corp.*, 58 F.3d at 862 (holding citizenship of corporation is not operative when corporation was acting as an agent for another party). The Court's review of Plaintiff's amended complaint reveals that FlyLux, Inc. was acting as a travel agent; there is no allegation of a contract between FlyLux, Inc. and Defendant beyond the individual airline tickets attached to the Amended Complaint. Accordingly, it is proper for the Court to consider the citizenship of FlyLux's clients. Because the parties agree that joinder of the individual ticketholders would destroy complete diversity, the Court finds there is no diversity jurisdiction in this case.

### *Aggregation of Claims*

Even if the Court were to find Plaintiff has met the diversity of citizenship requirement, the Plaintiff is improperly aggregating the claims to reach the jurisdictional amount.

It is well-settled that "where multiple plaintiffs allege claims in the same complaint, the complaint must allege that the claims of each individual plaintiff meet the amount in controversy requirement." *Beavers v. A.O. Smith Electr. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008); *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.6 (11th Cir. 2001) ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity jurisdiction.").

Plaintiff claims that it is not aggregating the value of the individual tickets, but rather is suing for its own damages because it replaced each of the cancelled tickets. The Court does not agree that

this is a proper way to reach the jurisdictional amount. Rather, the Plaintiff is adding each of its clients' claims together to reach the threshold.   Accordingly, the Court does not find the requirements of diversity jurisdiction are met and grants the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 30ᵗʰ day of September, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-6-